WESTERN DIST.
October, 1831.

FLOWER ET ALS.
vs.
TALIAFERRO.

**FLOWER ET ALS.** *vs.* **TALIAFERRO.**

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

The vendor of a slave who takes a draft on a third person, who accepts and
pays it, cannot at the request of the latter, make him a title to the slave,
when he is only required to deliver to him the slave as the agent of the
vendee.

If the vendor sells his slave, receives a draft from the vendee in payment,
which is paid by the acceptors at maturity, he is bound to make a title to
the vendee; and his making title to third persons who happen to pay the
draft, has no effect against the vendee, for they can receive no greater
right than the vendor has, and which he has sold to his original vendee.

In 1822 Jacob Hart of New-Orleans, sold to *Z.* Taliaferro
a negro woman named Rosanna, for six hundred dollars, who
gave a draft on W. & D. Flower, with whom he had a lumber
account, in payment. The draft was accepted, and when
due paid by the plaintiffs. In 1827, W. & D. Flower got
Hart to pass an act of sale to them for the negro woman,
which he did; but acknowledged in the act that he made
the title to the plaintiffs in consideration of their having paid
Z. Taliaferro's draft; and he delivered the negro woman to
them as the agents of Taliaferro. Taliaferro had a running
account with the plaintiffs for plank and lumber sold them,
and in that account he is charged with the amount of the
draft, but no credit given for the negro woman. The defen-
dant showed by parole testimony that he had been in posses-
sion of the woman five years.

The plaintiffs now sue for her recovery. The defendant
had judgment of non-suit against the plaintiffs. The latter
appealed.

*Scott,* for the plaintiff, contended the judgment should be
reversed.

*Thomas,* contra.

*Martin, J.* delivered the opinion of the court.

The plaintiffs claim a slave and her offspring, in the defendant's possession. The defendant pleaded the general issue; and afterwards other matters, which it is unnecessary to state.

The plaintiffs, in order to establish their title produced a notarial act by which Hart, the former owner of the slave, declared that in 1822, he bargained to sell the slave to the defendant's father for six hundred dollars, payable in a draft of his, accepted by the plaintiffs at four months, binding himself to execute a deed of sale to the defendant, on the payment of the draft; and delivered the slave to the plaintiffs, the defendant's agent in New-Orleans; that at the maturity of the draft the defendant failed in his engagement; and the draft was paid by the plaintiffs, in consequence of which the title was never made to the defendant; and in consideration of the premises, and of the price having been paid by the plaintiffs, he at their request, transferred to them all his right title and interest in the slave, subrogating them to all his rights, &c.

The plaintiffs were non-suited, and appealed.

It is clear that Hart having received the amount of the draft, which was the price of the slave, could not resist the defendant's claim to a bill of sale, on the ground he had failed in performing his engagement; for the engagement he had taken was that the draft should be paid at maturity—as it was really paid. If the defendant took an engagement to place funds in the plaintiffs' hands to pay the draft, this engagement Hart was an utter stranger to, and he cannot complain of its not being complied with.

Were he to sue for the slave, it would be a good defence that he sold her, received payment, and was bound to make title; all this appearing in his confession in an authentic act. The assignees of his right with notice cannot be in a better condition than he was. The court did them no injury in non-suiting them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

*The vendor of a slave who takes a draft on a third person, who accepts and pays it, cannot at the request of the latter make him a title to the slave, when he is only required to deliver to him the slave as the agent of the vendee.*

*If the vendor sells his slave, receives a draft from the vendee in payment, which is paid by the acceptors at maturity, he is bound to make a title to the vendee; and his making title to third persons who happen to pay the draft, has no effect against the vendee, for they can receive no greater right than the vendor has, and which he has sold to his original vendee.*